SLG SANDERS · LAW GROUP ·

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Christopher Sadowski,<br><br>Plaintiff,<br><br>v.<br><br>High Point Construction Group Corp.,<br><br>Defendant. | Case No:<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff Christopher Sadowski ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant High Point Construction Group Corp. ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Plaintiff created a photograph of a New York City Subway W train stopped at the 42nd Street station in Midtown Manhattan (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant owns and operates a website at highpointgc.com (the "*Website*").

4. Defendant, without authorization, reproduced and publicly displayed the Photograph in connection with its commercial activities and engaged in this misconduct knowingly and in violation of the United States copyright laws.

**PARTIES**

5. Plaintiff Christopher Sadowski is an individual who is a citizen of the State of New Jersey and maintains a principal place of business in Passaic County, New Jersey.

6. Defendant High Point Construction Group Corp., is a New York corporation with

a principal place of business at 2761 Bath ave, Unit B2, Brooklyn in Kings County, New York.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendant may be found in this District, regularly conducts business in this District, and a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District, including the unauthorized reproduction, display, distribution, and/or exploitation of Plaintiff's copyrighted work.

**FACTS COMMON TO ALL CLAIMS**

**A. Plaintiff's Copyright Ownership**

10. Plaintiff is a professional photographer whose work has been widely published by newspapers, media organizations, editorial publications, digital-media companies, and news outlets.

11. Plaintiff has devoted substantial time, skill, effort, and expense to developing his photography business and creating a portfolio of original photographs.

12. Plaintiff's photographs are valuable intellectual property assets that are commercially licensed to publishers, media outlets, websites, businesses, and other third parties for authorized use in both digital and print media.

13. Plaintiff is the author and copyright owner of numerous original photographic works protected under the Copyright Act, including the photographs that are the subject of this action.

14. Plaintiff maintains exclusive rights under the Copyright Act, including the rights to reproduce, distribute, license, publicly display, and otherwise exploit his copyrighted photographs.

15. Plaintiff derives income from the licensing and authorized use of his copyrighted



SLG SANDERS · LAW GROUP ·

works and maintains exclusive rights in the works he creates pursuant to the Copyright Act.

16. Plaintiff relies upon licensing revenue derived from the authorized use of his photographs and actively protects his copyrighted works against unauthorized reproduction, distribution, and display. Unauthorized use of Plaintiff's photographs deprives Plaintiff of licensing income, diminishes the value of his copyrighted works, and interferes with the market for authorized licenses.

17. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

18. Plaintiff regularly licenses Plaintiff's photographs to media outlets, brands, and commercial entities for a fee.

19. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

20. On January 31, 2021, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

21. Plaintiff published the Photograph by commercially licensing it to the New York Post for the purpose of display and/or public distribution.

22. In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

23. On March 31, 2021, the Photograph was registered by the USCO under Registration No. VA 2-246-656.

24. Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B. Defendant's Infringing Activity**

25. Defendant is the registered owner of the Website and is responsible for its content.

26. Defendant is the operator of the Website and is responsible for its content.



SLG SANDERS · LAW GROUP ·

SLG SANDERS LAW GROUP

27. The Website is a part of and used to advance Defendant's commercial enterprise.

28. Upon information and belief, the Website forms part of Defendant's commercial enterprise and is used to attract potential customers, promote Defendant's services, increase public visibility, generate business opportunities, and enhance Defendant's brand recognition.

29. Upon information and belief, Defendant's business model depends in substantial part upon the publication, promotion, and distribution of visual-media content through the Website in order to attract audience attention, increase engagement, enhance brand visibility, expand audience reach, promote products and services, and generate commercial value.

30. Upon information and belief, Defendant knew or should have known that the Photograph was protected by copyright, including because the Photograph was of professional quality and distributed through commercial channels. Despite this, Defendant used the Photograph without seeking permission or obtaining a license.

31. Upon information and belief, the Photograph contained visible copyright management information, authorship information, a gutter credit, and/or a watermark identifying Plaintiff, which Defendant removed, omitted, obscured, altered, and/or failed to reproduce.

32. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

33. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

34. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

35. On or about December 20, 2023, without permission or authorization from Plaintiff, Defendant willfully and volitionally reproduced and publicly displayed the Photograph on the Website as part of an on-line post at URL: https://highpointgc.com/services/plant-hire/ (the

"*Infringement*"). A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

36. The Photograph was willfully and volitionally reproduced and stored by Defendant at URL: https://highpointgc.com/wp-content/uploads/2023/12/Screenshot-2023-12-20-at-4.13.05%E2%80%AFPM-1024x702.png.

37. The Infringement is a copy or substantially similar copy of Plaintiff's Photograph, including protectable elements such as composition, subject matter, timing, angle, lighting, perspective, and overall expressive content.

38. Plaintiff first observed the Infringement on October 11, 2024.

39. Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph.

40. The Infringement includes a URL ("*Uniform Resource Locator*") that was accessible to the public and remained available for viewing for a non-transitory period of time.

41. Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion, and display of content appearing on the Website, including Plaintiff's Photograph.

42. Defendant exercised control over the content published on its Website and was responsible for selecting, uploading, and displaying the Photograph. Defendant used the Photograph in furtherance of its commercial interests and derived financial benefit from increased user engagement, brand promotion, and/or sales.

43. Upon information and belief, Defendant directly contributes to and exercises control over the content published on the Website by, inter alia, utilizing employees, agents, contractors, administrators, editors, moderators, social media managers, and other representatives acting on its behalf (collectively, the "*Representatives*").

44. Upon information and belief, Defendant vested its Representatives with actual and/or apparent authority to create, select, upload, publish, edit, modify, remove, monitor, and



SLG SANDERS LAW GROUP

otherwise manage content appearing on the Website on Defendant's behalf.

45. Upon information and belief, the Representatives acted within the course and scope of their agency, employment, contractual relationship, and/or other authorized relationship with Defendant when creating, selecting, uploading, publishing, displaying, promoting, and/or distributing the content containing Plaintiff's Photograph.

46. Upon information and belief, Defendant authorized, directed, ratified, approved, and/or knowingly permitted the actions of its Representatives with respect to content appearing on the Website, including the content containing Plaintiff's Photograph.

47. Upon information and belief, the Representatives actively reviewed, monitored, edited, managed, moderated, and otherwise exercised control over content appearing on the Website. As a result, Defendant had actual and/or constructive knowledge of the content published thereon, including the Infringement.

48. Upon information and belief, Defendant maintained the right and ability to supervise, control, review, approve, modify, remove, and otherwise regulate content appearing on the Website and exercised such control through its Representatives acting within the course and scope of their authority.

49. Upon information and belief, the Photograph was intentionally and willfully selected, published, displayed, and distributed by Defendant.

50. Upon information and belief, Defendant is not entitled to the limitations on liability set forth in 17 U.S.C. §512 because the Infringement was selected, uploaded, approved, published, and/or distributed by Defendant and/or its Representatives acting within the scope of their authority.

51. Upon information and belief, the Infringement was not posted at the direction of a "user" within the meaning of 17 U.S.C. §512(c), but instead were affirmatively selected and published by Defendant and/or its Representatives.

52. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it

was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

53. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

54. Upon information and belief, Defendant exercised editorial, managerial, and operational control over the content appearing on the Website.

55. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

56. Upon information and belief, Defendant monitors the content on its Website.

57. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

58. Upon information and belief, the Infringement increased engagement with the Website and generated additional audience traffic, brand visibility, consumer interest, promotional value, and commercial value for Defendant.

59. Upon information and belief, Defendant distributed the Infringement to a broad audience through the Website and derived commercial value from the resulting user traffic, engagement, advertising impressions, and/or promotional exposure.

60. Upon information and belief, Defendant derived commercial value from the resulting audience engagement, publicity, promotional exposure, brand visibility, audience growth, increased traffic, and related business-development opportunities associated with the Infringement.

61. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

62. Defendant's use of the Photograph harmed the actual market for the Photograph.

63. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential



SLG SANDERS · LAW GROUP ·

market for the Photograph.

64. Defendant's unauthorized use usurps the market for licensed uses of the Photograph and undermines Plaintiff's ability to license his work to other commercial entities.

65. On or about October 25, 2024, Plaintiff, through counsel, notified Defendant of the infringing activity described herein and demanded that Defendant cease and desist from its unauthorized use of Plaintiff's copyrighted work and compensate Plaintiff for its unauthorized use thereof.

66. Despite receiving notice of Plaintiff's claims and being afforded multiple opportunities to resolve the matter amicably, Defendant failed and/or refused to adequately address Plaintiff's claims, thereby necessitating the commencement of this action.

67. The commencement of this action was therefore necessary to protect Plaintiff's rights under the Copyright Act.

68. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

SLG SANDERS LAW GROUP

## FIRST CAUSE OF ACTION

***(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)***

69. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

70. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

71. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

72. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

73. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating

SLG SANDERS · LAW GROUP ·

one of Plaintiff's exclusive rights in its copyrights.

74. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

75. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

76. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c).

77. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

78. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

79. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying, reproducing, distributing, publishing, and publicly displaying it without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: November 9, 2026

**SANDERS LAW GROUP**

By: *Craig Sanders*
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 130954

*Attorneys for Plaintiff*

SLG SANDERS · LAW GROUP ·